**In re the MARRIAGE OF Sharon Y. SUMNERS, Petitioner-Respondent,**

**and**

**Jerry L. Sumners, Respondent-Appellant.**

No. 13679.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 20, 1984.

Donald R. Duncan, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for petitioner-respondent.

Donald E. Bonacker, Darrell L. Moore, Bonacker & Reynolds, P.C., Springfield, for respondent-appellant.

GREENE, Judge.

Jerry L. Sumners appeals from the trial court's order sustaining the motion of his former wife, Sharon Sumners, for attorney fees on appeal, and granting her $2,500 for that purpose.

The appeal by Sharon, after a final decree in a dissolution action, which was entered on October 27, 1983, is pending in this court (Case No. 13593). See also 645

S.W.2d 205. No motion to consolidate the two appeals has been filed, and we decline to consolidate on our own motion, feeling that the attorney fee question should be resolved now.

Sharon's motion for attorney fees, which was heard by the trial court on February 24, 1984, alleged that 1) her attorney fees on appeal were estimated at $4,000, and 2) that she was without funds with which to pay her attorneys, and that Jerry was "fully capable of paying the same."

Sharon was the only witness at the hearing. She testified that she was employed as an insurance agent for the Connecticut Mutual Life Insurance Company, and that she expected her present gross income of $1,250 from her job to stay approximately the same in the future. Her net income from her job was approximately $470 a month. Other income included $950 a month child support and interest from savings accounts and promissory notes owed to her. She testified that her non-business expenses were about the same as at the time of the granting of the dissolution decree, and that she had no reason to believe that Jerry's income was any less than it had been prior to the entry of the dissolution decree.

There was no testimony as to what amount Jerry's income actually was at the time of the entry of the dissolution decree, and there is nothing in the record to show that the trial court in this case took judicial notice of what the evidence in the dissolution case showed Jerry's income to be at that time. In addition, there was no evidence to show what Sharon's attorneys were charging her for their services on appeal, and no showing that the $4,000 she requested in her motion, or the $2,500 awarded by the trial court, were reasonable amounts for attorney services on appeal.

■ The award of attorney fees is premised on the separate and distinct provisions of § 452.355,[1] which requires the trial court to consider all relevant factors, including the financial resources of *both* parties, be-

fore entering an order awarding attorney fees. *Kieffer v. Kieffer*, 590 S.W.2d 915, 917–918 (Mo. banc 1979). Relevant factors which should be considered, in addition to the relative financial resources of the parties are:

1) the complexity and scope of the legal issues involved in the underlying case on appeal;

2) whether the legal principles involved in the underlying appeal are well settled or require carving out new law, (i.e., does the case involve mere application of the law to the facts or does it involve determining what law needs to be applied to the facts);

3) the simplicity of the facts in the case on appeal;

4) the length of the transcripts and briefs in the case on appeal;

5) whether the case is orally argued or just submitted on the briefs;

6) who initiated the appeal; and

7) the financial history of the parties since the dissolution being appealed was granted.

*Orth v. Orth*, 637 S.W.2d 201, 207 (Mo.App. 1982) (on numbers 6 and 7 above); *Boyer v. Boyer*, 567 S.W.2d 749, 751 (Mo.App.1978) (on numbers 1–5 above).

■ Here, there was no evidence of *any* relevant factor, other than the wife's financial history, since the dissolution. This omission, especially evidence of the husband's financial history since the dissolution, is fatal.

However, in the interest of justice, and in light of the facts, we remand to the trial court for further proceedings on the issue of the wife's attorney fees on appeal and, thereafter, to enter an order consistent with the principles set out in this opinion. *Orth v. Orth*, 637 S.W.2d 201, supra at 207.

We have determined that oral argument requested in this cause by the parties will not be beneficial. Consequently, such request is denied, and the cause has been determined as if submitted on briefs. Mis-

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

souri Court of Appeals, Southern District Special Rule 1(e).

Reversed and remanded.

TITUS, P.J., and FLANIGAN, J., concur.