**Luveada Alice MOZINGO,**
**Plaintiff–Respondent,**

v.

**Robert E. MOZINGO,**
**Defendant–Appellant.**

**No. WD 41396.**

Missouri Court of Appeals,
Western District.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989 and Jan. 2, 1990

Carl W. Bussey, Colbert & Associates, Kansas City, for defendant-appellant.

Jorge A. Elliott, Kansas City, for plaintiff-respondent.

Before SHANGLER, P.J., and TURNAGE, and KENNEDY, JJ.

TURNAGE, Judge.

Luveada A. Mozingo filed a motion to recover attorney fees from her former husband, Robert E. Mozingo. The court entered judgment in the amount of $8,816, plus expenses of $45. Robert contends the court did not have evidence of his current financial history so that the award is unsupported by evidence. Reversed and remanded.

The marriage of Luveada and Robert was dissolved in January, 1987. As near as can be determined from the record, the decree in that case ordered real estate owned by the parties to be sold. There were a number of motions filed seeking to have Robert held in contempt for failure to comply with the order for the sale of real estate.

Luveada's attorney filed a motion for attorney fees and attached time records which would indicate the efforts made in order to force Robert to comply with the decree.

On November 7, 1988, the court took up the motion for attorney fees incurred since the date of the dissolution. There was no evidence presented at the hearing, but the attorney for Luveada presented his time records. The court thereupon entered judgment.

Robert contends on this appeal that the court was required to consider evidence of his financial history, since the date of the dissolution, before entering an order for attorney fees. Luveada contends that Robert was served with the motion for attorney fees at the same business where he worked at the time of the dissolution, that it may be assumed that Robert is working at the same place, and that his financial condition is the same.

There is no indication that the court took judicial notice of the transcript in the dissolution proceeding or of any other fact appearing in the court's records in order to consider the parties' financial history. The transcript of the hearing on the motion for attorney fees consists only of the discussion between Luveada's attorney and the court.

In *In re Marriage of Sumners*, 677 S.W.2d 435, 436[2] (Mo.App.1984), the court considered a request for attorney fees on appeal after a dissolution decree. The court stated that the omission "of the husband's financial history since the dissolution, is fatal."

Almost two years had elapsed between the date of the dissolution and the hearing on the motion. Obviously, in that time any number of changes could have occurred in Robert's financial condition. Certainly the court was required to have some evidence of Robert's financial history before making an award of substantial attorney fees. As stated in *Sumners*, the failure to have such evidence is fatal to the award.

It is apparent that evidence of Robert's financial condition is available and for that reason this cause is remanded so that Luveada may have opportunity to present such evidence upon which a judgment on her motion may be based.

Robert also appeals from an order finding him in civil contempt for failure to comply with the dissolution decree. He was committed to jail, but was later released, and complied with the decree. On his complying with the court's order the judgment finding him in contempt became moot and is unappealable as he had purged himself of contempt. *Niehoff v. Forney*, 692 S.W.2d 635, 637[2–3] (Mo.App.1985).

The appeal from the contempt judgment is dismissed. The judgment awarding attorney fees is reversed and this cause is remanded for further proceedings on that issue. Costs on this appeal are divided equally between the parties.

All concur.