Laura **TOMASOVIC**, Respondent,

v.

John L. **TOMASOVIC**, Jr., John L. **Tomasovic**, Sr., and Priscilla **Tomasovic**, Appellants.

No. 61893.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 29, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 1993.

---

Claude Hanks, Chesterfield, for appellants.

Donna Aronoff Smith, St. Louis, for respondent.

CRIST, Judge.

This is an appeal of a dissolution of marriage decree entered for John L. Tomasovic, Jr. (Husband) and Laura Tomasovic (Wife). Appellants John L. Tomasovic, Sr. (Father) and Priscilla Tomasovic (Mother), parents of Husband, appeal the finding of the trial court that they had no interest in the marital home of Husband and Wife. Husband joins this appeal to protest the award of attorney's fees to Wife.

Husband and Wife were married on September 26, 1984. In April 1984, prior to the marriage, Husband and Father purchased the marital home. Father and Mother loaned Husband and Wife the $20,000 down payment. At that time, Husband and Father took a one-year loan for the balance, and the property was titled only in the names of Husband and Father. In July 1985, after Husband and Wife were married, they refinanced the home. Mother

and Father co-signed for the loan. Father stated they co-signed because Husband and Wife could not have made the loan without it. At this time a new deed of trust was executed listing Husband, Wife, Father and Mother. However, there was conflicting testimony as to who is actually on the warranty deed. Wife testified only Husband and Father are listed on the deed. However, Father and Mother both testified all four parties are on the deed. We were not provided a copy of the warranty deed. In either case, the finding of this court remains the same.

Husband and Wife made all payments on the mortgage until the time of their separation. In 1988, Husband and Wife took an income tax deduction for interest paid on the mortgage. We have no information about who took such deduction in 1984–87 and 1989–91. However, since November 1990, Father and Mother have made the payments on the mortgage because Husband is unable to make the payments. At time of trial, Father testified he had paid $11,247 on the mortgage.

On April 4, 1986, Mother and Father wrote a note to Husband and Wife stating:

John and Laura Tomasovic

A gift has been given to you on April 4, 1986 in the amount of your down payment on your house at 11924 Paradise Ln. Des Peres, Mo.

The note was signed by Mother and Father. However, Mother testified she told Wife verbally the gift would not be effective until Mother and Father died.

On February 13, 1990, Wife filed her petition for divorce. She moved out of the marital home in August 1990 with the two minor children borne of the marriage. On October 4, 1990, Wife moved to have Father and Mother impleaded in the divorce suit. This was granted on October 30, 1990. On April 10, 1992, the trial court entered its decree of dissolution. Among other things, the court determined Mother and Father had no interest in the marital home because they "made a gift of any such interest to Laura Tomasovic and John L. Tomasovic, Jr. by written instrument." The court further ordered Husband to pay the attorney's fees of Wife: $4,555.00 to Robert Hartzog and $1,963.26 to Margo Green.

## I.

Husband's parents, Mother and Father, contend it was against the weight of the evidence for the trial court to find they had no interest in Husband and Wife's marital home because they made no gift to Husband and Wife of their share of the home. There are three possible ways Mother and Father could have such an interest: (1) the $20,000 down payment; (2) title reflecting their names; or (3) the payments made on the mortgage subsequent to the separation of Husband and Wife.

■ First, Mother and Father no longer have an interest in the $20,000 they loaned to Husband and Wife for the down payment. When they initially loaned the money to Husband and Wife, they had at best an unsecured loan. This loan gave them no interest in the property without some type of security instrument. *See* § 443.035, RSMo 1986. Mother and Father assert they did not later gift the $20,000 to Husband and Wife. However, there was substantial evidence in the record to support such a finding. To have gifted the $20,000, the following must have occurred: (1) a present intent of Mother and Father to make a gift; (2) delivery of the property by Mother and Father to Husband and Wife; and (3) acceptance of the gift by Husband and Wife. *Smith v. Smith*, 797 S.W.2d 879, 881 [1] (Mo.App.1990). While Mother contends they never intended the gift to take effect until their deaths, the language of the note is clear: "A gift has been given you *on April 4, 1986....*" In addition, the debt between them was oral only. Therefore, delivery in this case was affected by delivery of the letter to Husband and Wife. 38 C.J.S. Gifts § 47; and *In re Estate of Piper*, 676 S.W.2d 897, 899 [6] (Mo.App. 1984) (delivery possible by executing written instrument evidencing gift). Further, Husband and Wife's acceptance of the gift is presumed. *Gross v. Gross*, 625 S.W.2d 655, 666 [11] (Mo.App.1981). Therefore, the interest in the $20,000 loan was later

relinquished by the parents when they gifted it to Husband and Wife.

■■■ Second, Mother and Father have no interest in the property even if their names were placed on the deed, because such interest was held in resulting trust for Husband and Wife. A purchase money resulting trust arises "where one pays the purchase price for land but legal title is conveyed to another." *Prange v. Prange*, 755 S.W.2d 581, 593 [23] (Mo.App.1987). The theory behind the resulting trust is that one who provides purchase money for property intends to receive the benefit of that property. *Dallas v. Dallas*, 670 S.W.2d 535, 539 [7] (Mo.App.1984). Application of the resulting trust rule is particularly applicable where a child provides the funds to purchase property, but for one reason or another legal title is taken in the parents' names. *Id.* at 539 [8]. There must be clear and convincing evidence of the resulting trust. *Prange*, 755 S.W.2d at 592 [22].

The facts of this case are virtually indistinguishable from two Missouri cases where resulting trusts were found: *Dallas v. Dallas*, 670 S.W.2d 535 (Mo.App.1984); and *Ham v. Ham*, 691 S.W.2d 944 (Mo.App. 1985). In *Dallas*, the parties' marital home had been purchased in anticipation of their marriage. Because the wife was a minor at the time, legal title was taken in the name of husband's parents. The parents also signed the note and deed of trust as co-signers and put up additional collateral. The husband and wife made all the payments on the mortgage until they separated. At one point, they refinanced the mortgage, retaining the parents' names on it. They also took an income tax deduction for the interest paid on the mortgage. This court held these facts created the presumption that the husband's parents held the legal title to the marital home in resulting trust for the husband and wife. *Dallas*, 670 S.W.2d at 538–40.

In *Ham*, husband's parents aided them in purchasing the marital home by making the down payment and signing the mortgage. Parents took legal title in their names and agreed they would convey title to the husband and wife when they were repaid. The husband and wife lived in the home during the marriage and made all payments on the mortgage except for $1,000 paid by parents when they needed financial help. The court found *Dallas* controlling and determined the parents held legal title in trust for the husband and wife. *Ham*, 691 S.W.2d at 945–46.

The facts of the case at hand are similar. Husband and Wife made the down payment (even if it was a loan from the parents) and all payments on the mortgage until they separated. At least one year they took the income tax deduction. Husband and Wife resided continuously in the home during the marriage. Father admitted they co-signed the note to help Husband and Wife get the loan. These circumstances give rise to a presumption of a resulting trust in favor of Husband and Wife. *Dallas*, 670 S.W.2d at 535; and *Ham*, 691 S.W.2d at 944. *See also Ravenscroft v. Ravenscroft*, 585 S.W.2d 270 (Mo.App.1979); and *Hergenreter v. Sommers*, 535 S.W.2d 513 (Mo. App.1976). No further evidence was adduced which could rebut this presumption.

■■ In addition, because the resulting trust arose at the time the deed passed in 1984, the subsequent payments of Mother and Father on the mortgage do not give rise to an interest in the marital home. *Dallas*, 670 S.W.2d at 540 [13]. However, Mother and Father are entitled to reimbursement of any payments they made on the mortgage prior to the divorce. *Id.* This amount must be paid out of the equity remaining after the house is sold. Only then may the remaining equity be divided between Husband and Wife as set forth in the decree. Therefore, we remand to the trial court for further proceedings to determine the amount owed Mother and Father for mortgage payments made subsequent to November 1990 and prior to the divorce.

## II.

■■ Husband also joins this appeal to contend the trial court erred in awarding attorney's fees to Wife. First, Husband alleges Wife is not entitled to attorney's fees because the trial court found Wife guilty of marital misconduct. While this may be a factor for the court to consider, the trial court also considers "all relevant factors." § 452.355.1, RSMoSupp.1991.

Marital misconduct does not alone establish the trial court abused its discretion in awarding attorney's fees. *R v. R*, 685 S.W.2d 598, 603 [11] (Mo.App.1985). We have reviewed the record and find no abuse of discretion.

■ Husband next alleges Wife was not entitled to attorney's fees because she could not meet the statutory requirements for maintenance. Husband cites cases of the bankruptcy court to support his theory that attorney's fees are a form of maintenance. However, what is considered maintenance for the bankruptcy code is a separate matter from state law. Husband fails to cite one case in Missouri holding an award for attorney's fees under § 452.355 is required to meet the maintenance requirements set out in § 452.335. In fact, under Missouri law an award of attorney's fees is considered separate and distinct from a maintenance award. *In re Marriage of Zavadil*, 806 S.W.2d 506, 513 [20] (Mo.App.1991).

Finally, Husband alleges Wife did not properly request attorney's fees. He asserts that *Riley v. Riley*, 778 S.W.2d 666, 669 [4] (Mo.App.1989) requires Wife to request attorney's fees in her pleadings before they can be awarded. However, Wife *did* request attorney's fees in her petition. Furthermore, in *Riley*, the husband successfully objected to introduction of attorney's fees evidence at trial. Here, no such objection was made. *See also Ibrahim v. Ibrahim*, 825 S.W.2d 391, 399–401 [12] (Mo. App.1992).

Point denied.

### III.

The case is remanded for the trial court to determine the total of house payments made by Father and Mother prior to the divorce and order such amount be set off to them. The judgment is affirmed in all other respects.

AHRENS, P.J., and REINHARD, J., concur.