Rebecca L. BAKULA, Respondent,

v.

John S. BAKULA, Appellant.

No. 67985.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 17, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Schwartz & Ochs, Clifford Schwartz, St. Louis, for Appellant.

Ritter & Gusdorf, Robert T. Ritter, Clayton, for Respondent.

KAROHL, Judge.

This appeal follows a dissolution of marriage decree. John Bakula (Husband) challenges the trial court's award of maintenance to Rebecca Bakula (Wife) and a provision he pay a portion of her attorney fees. We affirm.

The parties were married in 1978. Two minor children were born during the marriage: a son and daughter. The parties separated March, 1993. Shortly thereafter, Wife filed a petition for dissolution of marriage and Husband cross-petitioned.

Pursuant to a stipulation between the parties, the court awarded Wife legal and physical custody of the two minor children with reasonable visitation and temporary custody to Husband. The court ordered Husband to pay child support of $364.50 per month, per child, and to provide and maintain medical, hospitalization, and dental insurance for the minor children. The court awarded Wife periodic maintenance of $200 per month. It ordered Husband to pay a portion of Wife's attorney fees in the amount of $2,835. Marital property was divided between the parties. Husband appeals.

Husband contends the trial court failed to consider Wife's "OBVIOUS FLAGRANT MARITAL MISCONDUCT" in awarding maintenance to Wife. He wants the amount of maintenance to be reduced to a "NEGLIGIBLE SUM."

We review in accord with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Under § 452.335.1 RSMo 1994, a trial court may grant maintenance, but only if it finds the spouse seeking maintenance: (1) lacks sufficient property to provide for her reasonable needs; and (2) is unable to support herself through appropriate employment.[1] Relevant factors for determining the amount and duration of maintenance are set forth in § 452.335.2(1)–(10). They are considered only after the court finds the threshold test under § 452.335.1 has been satisfied. Maintenance is a matter within the sound discretion of the trial court. *Holmes v. Holmes*, 878 S.W.2d 906, 910 (Mo.App.E.D.1994). There was evidence to support the amount of the maintenance award. Wife possesses no income producing property and lacks sufficient income to provide for her reasonable needs. A spouse is not required to deplete her marital property and other assets before being entitled to maintenance. *Wallace v. Wallace*, 839 S.W.2d 354, 357 (Mo.App.W.D. 1992).

Wife is unable to support herself through gainful employment. Although she recently earned a G.E.D., she has no other course work or vocational training. She had several part-time jobs earning minimum wage, including cleaning offices buildings, bagging groceries, cashier, and mail clerk. She testified she was employed full-time as a mail clerk making $6.70 per hour. Her take home pay was $580.69 bi-weekly. Her average monthly expenses totaled $2,011. She testified she could not meet her needs on her present salary and required $400 per month in maintenance.

Husband's gross income in 1993 was $45,-850.70. His gross income as of November 29, 1994 was $43,081.59. His monthly gross income was $3,833. He neither argued nor briefed a claim that he was financially unable to pay the maintenance award. Wife met the two-prong test required for an award of maintenance under § 452.335.1.

In awarding $200 per month of periodic maintenance, the trial court could have considered misconduct of both parties. Wife admitted having at least two affairs during her marriage. She indicated she "broke the

1. All statutory references are to the 1994 Missouri Revised Statutes, unless otherwise indicated.

marriage vow" sometime in 1992 with her boss in order to get a raise. She accused her boss of sexual harassment. She also testified that in mid–1993 she began having an affair with another man (D.O.). They lived together six months prior to trial. She admitted D.O. shared expenses, including rent, utilities and maintenance. She testified her marriage was over long before she had the affairs.

The trial court also found Husband was guilty of marital misconduct. There was evidence Husband physically and mentally abused his Wife and the children. Wife testified Husband would slap, hit, choke, and try to strangle her. At one point she obtained a restraining order against him.

The parties' son, who was fifteen at the time of trial, confirmed Husband had a violent temper. He recounted several incidents of violence dating back to 1986. Husband claimed he hit Wife once, shortly after the parties were married.

■ The trial court has broad discretion in determining the credibility of witnesses. *Wallace*, 839 S.W.2d at 356. It may believe or disbelieve all, part or none of the testimony it hears. *Id.* Moreover, marital misconduct alone does not establish the trial court abused its discretion in awarding maintenance. *See Tomasovic v. Tomasovic*, 845 S.W.2d 661, 664 (Mo.App.E.D.1992). We find the trial court did not abuse discretion regarding its maintenance award.

■ Husband also contends the trial court erred in requiring Husband to pay part of Wife's attorney fees. An award of attorney fees is within the discretion of the trial court. *Mehra v. Mehra*, 819 S.W.2d 351, 357 (Mo. banc 1991). Under § 452.355.1, the court may allocate to a party any portion of the other party's attorney fees. The court must consider "all relevant factors" including the financial resources of both parties. Section 452.355.1. "[O]ne spouse's greater ability to pay is sufficient to support an award of attorney fees to the other spouse." *Woolsey v. Woolsey*, 904 S.W.2d 95, 101 (Mo.App.E.D. 1995). The court *may* consider the conduct of both parties. *Schaffer v. Haynes*, 847 S.W.2d 814, 822 (Mo.App.E.D.1992).

■ Wife's attorney testified Wife had paid $1,230, leaving a balance of $5,170. The trial court found Husband had a greater ability to pay Wife's attorney fees because he earned substantially more than she did. Further, he failed to show he was financially unable to pay for Wife's attorney fees. The trial court ordered Husband to pay approximately half of the unpaid balance. Marital misconduct alone does not establish the trial court abused its discretion in awarding attorney fees. *Tomasovic*, 845 S.W.2d at 664. We will not disturb an award of attorney fees absent a showing of an abuse of discretion.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.