Carl Eugene FISK, Jr., Appellant,

v.

Cynthia L. FISK, Respondent.

No. ED 77833.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 2001.

Rehearing Denied July 19, 2001.

Stanley J. Goodkin, St. Louis, MO, for appellant.

Thomas H. Nations, Nations & Nations, LLC, St. Louis, MO, for respondents.

RICHARD B. TEITELMAN, Judge.

Carl Eugene Fisk, Jr., ("husband") appeals from the judgment of the Circuit Court of Jefferson County dissolving his marriage to Cynthia Fisk ("wife"). Husband challenges the court's orders regarding child custody, maintenance, child support and the division of property. We modify that portion of the decree awarding wife retroactive maintenance and affirm as modified.

### Standard of Review

The standard of review on appeal from a decree of dissolution of marriage is guided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). *Lewis v. Lewis*, 930 S.W.2d 475, 477 (Mo.App. E.D.1996). Accordingly, this court will affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Moreover "[a]ll evidence and permissible inferences therefrom are considered in the light most favorable to the trial court's decision, and all contrary evidence and inferences are disregarded." *Chen v. Li*, 986 S.W.2d 927, 931 (Mo.App. E.D.1999) (quoting *In re Marriage of Gilmore*, 943 S.W.2d 866, 871 (Mo.App. S.D. 1997)).

## Discussion

■ In his third point on appeal, husband contends that the trial court erred by awarding wife retroactive maintenance in violation of Section 452.335 RSMo 2000.[1] We agree. In its order, the trial court awarded wife $15,860.00 "as and for spousal support from and since the dated item of Petitioner's Petition herein." However, § 452.335 only authorizes awards of prospective maintenance. *Ritter v. Ritter*, 920 S.W.2d 151, 154 (Mo.App. W.D.1996); *Grubb v. Lehn*, 841 S.W.2d 768, 770 (Mo. App. E.D.1992). Consequently, as a matter of law, a maintenance award entered pursuant to § 452.335 cannot be made retroactive. *Ritter*, 920 S.W.2d at 154. The trial court's award of $15,860.00 to wife as "spousal support" from and since the date of husband's petition must therefore be stricken from the judgment.

Our review of the record reveals that the remainder of the trial court's judgment was supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. An extended opinion would have no precedential value. Husband's remaining claims are therefore denied pursuant to Rule 84.16(b).

## Conclusion

The judgment of the trial court is affirmed, except that the award of retroactive maintenance shall be modified to exclude the $15,860.00 award of retroactive maintenance to wife.

ROBERT G. DOWD, JR., P.J., and MARY R. RUSSELL, J., concur.

---

1. Husband has limited his appeal to the award of $15,860.00 as "spousal support." He does not appeal the award of $1,586.00 per month in prospective maintenance.