**Wendy ANDREWS,
Plaintiff/Respondent,**

v.

**Jeffrey ANDREWS,
Respondent/Appellant.**

**No. ED 91820.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 23, 2009.

---

Jeffrey K. Elnicki, McCarter & Green-ley, LLC, St. Louis, MO, for Appellant.

Maia Brodie, Erin M. Zielinwski, Clay-ton, MO, for Respondent.

## OPINION

MARY K. HOFF, Judge.

Jeffrey Michael Andrews (Husband) appeals from the Judgment on Wendy Christina Andrews' (Wife) Motion Pendente Lite for Attorney's Fees on Appeal (Motion Pendente Lite) awarding Wife $10,000 in appellate attorney's fees. Wife's attorney's fees are in relation to Husband's pending appeal[1] with this court concerning the Findings of Fact, Conclusions of Law, and Judgment of Dissolution of Marriage (Judgment of Dissolution) entered by the

---

1. On May 12, 2009, this court affirmed the trial court's decision in *Andrews v. Andrews,* 289 S.W.3d. 717 (Mo.App. E.D.2009).

trial court on October 3, 2007. On appeal, Husband argues the trial court abused its discretion in awarding Wife $10,000 in attorney's fees because: (1) Wife failed to present evidence of her own and Husband's income and financial history since the Judgment of Dissolution, as required by Section 452.355.1, RSMo 2000,[2] and; (2) the trial court disallowed testimony evidence of Husband's lack of financial resources since the Judgment of Dissolution. We reverse.

*Factual and Procedural Background*

On July 24, 2008, the trial court held a hearing on Wife's Motion Pendente Lite. The hearing was held approximately ten months after the entry of the Judgment of Dissolution on October 3, 2007 and approximately one year from the July 27, 2007 dissolution hearing. Wife presented no evidence at the hearing apart from asking the trial court to take judicial notice of its Judgment of Dissolution and the attached the Form 14 indicating the income of the parties as $3,000 per month for Wife and $4,936 per month for Husband.

Husband presented and the trial court admitted into evidence the entire court file and the certified records from the United States Bankruptcy Court for the Eastern District of Missouri relating to the bankruptcy petition Husband filed on January 7, 2008.

At the hearing, Husband attempted to testify regarding his financial circumstances since the Judgment of Dissolution. Wife objected on grounds of irrelevancy. The trial court sustained Wife's objection. Husband made the following offer of proof as to his expected testimony:

> [Husband] would testify with respect to his federal bankruptcy filing and that he filed that after the dissolution judgment of October 2007; that the bankruptcy

proceeding is not concluded; it is a Chapter 7 bankruptcy liquidation filing; ... and that the summary of ... the assets, liabilities, monthly income and expenditures contained in ... the bankruptcy documents, are accurate and that they accurately reflect his assets, liabilities, expenditures.

> And it is also expected that [Husband] would testify ... that JMA Enterprises, Inc., which is his only owned corporation, is the sole source of income and that his income is approximately $2,039 per month. [Husband] would testify that he recently hired MPP & W, comma, P.C., which is a business consulting firm, he hired them subsequent to the dissolution judgment in this matter, and that he hired them for the purpose of monitoring ... the business operations of JMA Enterprises, including monitoring the vending machines and the counters, which keep track of the gross receipts; also to establish and verify the cost of goods sold in the business, the gross profit, operating expenses and net income generated from the business since the date of the order.

> [Husband] would testify that the monthly child support awarded under the Judgment of Dissolution of $2,393 is current, but that he does not make enough monthly income to pay that amount; that he is able to make the payments by borrowing from his parents. He would testify that the retroactive child support amount of $12,569 awarded under the dissolution proceeding was paid and that he was able to pay that by borrowing that from his parents.

> He would also testify that the award of $10,000 for the separate interest in the 2004 Nissan Armada ... has not been paid, because he has no assets or ability to pay; that the award of

2. Unless otherwise indicated, all further statutory references are to RSMo 2000.

$21,317.50 for [Wife's] attorney's fees that was awarded to her under the dissolution judgment has not been paid because he has no assets or ability to pay; and that the award of $21,500 to [Wife] under the dissolution judgment related to the loan payable by JMA Enterprises has not been paid because he has ... no assets or ability to pay.

It is expected that [Husband] would testify that ... he has no ability to pay for the present attorney's fees on appeal ..., the $10,000; that he does not have the financial resources to pay that.

Next, Husband attempted to call Michael Prost (Prost), an accountant and founding shareholder of MPP & W, P.C. with over twenty-five years business consulting experience, to testify regarding the current income from Husband's business and the income earned from the business since the Judgment of Dissolution. Again, Wife objected on grounds of irrelevancy. Again, the trial court sustained Wife's objection. Husband made the following offer of proof as to Prost's expected testimony:

[Prost] would testify ... that he was hired by [Husband] to monitor the business of JMA Enterprises, Inc., and ... that he was hired after the dissolution judgment....[Prost] would testify that he has taken readings from the vending machines of JMA Enterprises to establish gross receipts from the business and has been taking those readings on the machine since November 7, 2007; and that based on those readings, [Prost] would testify that the annualized gross receipts from the business would equal approximately $190,000.

[Prost] would also testify that this amount overstates the annual amount, because his testing did not include the summer months of 2008 in which approximately 14 of the 15 locations of the machines are not in service. [Prost] would also testify ... that based upon his analysis, it showed that the annualized cost of goods sold from the business would be $104,500.

He would also testify that the ... annualized gross profit would be $85,500, and that the annualized operating expenses would be 45,000, leaving ... an annualized net profit, from the business of $40,500.

Finally, Husband attempted to call Gary Andrews (Andrews), Husband's father. Once again, Wife objected on grounds of irrelevancy and, once again, the trial court sustained Wife's objection. Husband made an offer of proof as to the expected testimony of Andrews. The offer of proof consisted of the expected testimony that Andrews provided financial assistance to Husband in the amount of $44,860 since the Judgment of Dissolution. This appeal follows.

### Standard of Review

We will affirm the trial court's award to Wife of $10,000 in appellate attorney's fees unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Krepps v. Krepps*, 234 S.W.3d 605, 610–11 (Mo.App. W.D.2007). We view the evidence in the light most favorable to the judgment disregarding any contrary evidence. *Id.* at 611. We defer to the trial court's credibility determinations. *Id.*

### Discussion

In his first point, Husband argues the trial court erred and abused its discretion in awarding Wife $10,000 in appellate attorney's fees because there was no evidence of Wife's income and financial history since the Judgment of Dissolution. In addition, Husband contends the only evidence of his income and financial history

since the Judgment of Dissolution was the certified records of bankruptcy proceedings which showed that, as of the time of the hearing on Wife's Motion Pendente Lite and since the Judgment of Dissolution, he had no financial ability to pay Wife's attorney's fees. Accordingly, Husband insists, the trial court's award of Wife's appellate attorney's fees was a violation of Section 452.355 and against the weight of the evidence. We agree.

▆▆▆ Section 452.355 provides in pertinent part:

1. Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment. . . .

Section 452.355.1. The party requesting an award of attorney's fees has the burden of proving entitlement to such award. *Davis v. Schmidt,* 210 S.W.3d 494, 512 (Mo.App. W.D.2007) (*citing In re Marriage of Trimble,* 978 S.W.2d 55, 59 (Mo. App. S.D.1998)). "In determining the pro-

priety of an award of appellate attorney's fees in a dissolution action under Section 452.355.1, the court must consider 'the financial history of the parties since the dissolution being appealed was granted.'" *Id.* at 516 (*citing In re Marriage of Sumners,* 677 S.W.2d 435, 436 (Mo.App. S.D. 1984)).[3] Moreover, when awarding attorney's fees, "a court must know what debts each party owes," as well as what employment and non-employment income each party has, "before it can determine either need or ability to pay" such fees. *Id.* (*citing Barancik v. Meade,* 106 S.W.3d 582, 594 (Mo.App. W.D.2003)).

▆▆▆ Here, at the hearing on Wife's Motion Pendente Lite, which was held approximately ten months after the entry of the Judgment of Dissolution on October 3, 2007, and approximately one year after the July 27, 2007, dissolution hearing, Wife introduced no evidence of her current financial history. Evidence of each party's financial history since the dissolution judgment is required in order to uphold an award of appellate attorney's fees. *Davis,* 210 S.W.3d at 517; *Eckstein v. Eckstein,* 748 S.W.2d 945, 948 (Mo.App. E.D.1988); *Sumners,* 677 S.W.2d at 436. The failure to do so is "fatal" to Wife's Motion Pendente Lite. *Sumners,* 677 S.W.2d at 436; *Mozingo v. Mozingo,* 779 S.W.2d 284, 285 (Mo.App. W.D.1989).

Furthermore, the certified bankruptcy records regarding Husband's bankruptcy proceeding, admitted at the hearing, show

3. In *Davis,* which is directly on point, the court held that the trial court abused its discretion in awarding wife her anticipated attorney's fees on appeal noting that, "[s]ince the hearing on Mother's motion for appellate attorney's fees took place approximately eight months after trial and no evidence of Mother's post-dissolution financial condition was presented by Mother, in making its award, the court could not possibly have considered the post-dissolution financial circumstances of the parties, as required by Missouri law." *Davis,* 210 S.W.3d at 517.

Similarly, in *Sumners,* the trial court overturned an award of appellate attorney's fees to wife in a hearing that occurred approximately four months following the dissolution judgment on the basis that, "there was no evidence of *any* relevant factor, other than the wife's financial history, since the dissolution. This omission, especially evidence of the husband's financial history since the dissolution, is fatal." *Sumners,* 677 S.W.2d at 436 (emphasis in original).

Husband's assets are $31,304, liabilities are $300,774.37, monthly income is $2,001, and monthly expenses are $2,620. These records, which are uncontroverted, are evidence of Husband's inability to pay Wife's attorney's fees on appeal given that his current expenses exceed his current income. The trial court abused its discretion in awarding Wife $10,000 in attorney's fees. The trial court's award is against the weight of the evidence. Point I is granted.

In his second point, Husband argues the trial court erred and abused its discretion by disallowing any testimony evidence that would have proved his current financial resources and history subsequent to the Judgment of Dissolution and that was directly relevant to his inability to pay Wife's appellate attorney's fees. Specifically, Husband complains he was prevented from introducing evidence in the form of his own testimony, the testimony of Prost, and the testimony of Andrews, Husband's father. We agree.

At the hearing, Wife objected to the testimonies of Husband, Prost, Andrews on the ground of irrelevancy. The trial court sustained Wife's objection. Our review of the record indicates that the testimonies of Husband, Prost, and Andrews all related to the state of Husband's financial resources as of the date of the hearing on Wife's Motion Pendente Lite and Husband's financial history since the Judgment of Dissolution. This evidence was both relevant and required with respect to an award of attorney's fees on appeal. *Davis*, 210 S.W.3d at 516; *Sumners*, 677 S.W.2d at 436; *Mozingo*, 779 S.W.2d at 285; *Eckstein*, 748 S.W.2d at 949. It is reversible error for a trial court to make an award of attorney's fees without first hearing from the parties on the issue. *Davis*, 210 S.W.3d at 513. Accordingly, the trial court's rulings to exclude the testimonies of Husband, Prost, and Andrews was an abuse of discretion. Point II is granted.

### Conclusion

The trial court erred in awarding Wife $10,000 in attorney's fees on appeal because there was no substantial evidence to support the award. Moreover, the trial court abused its discretion in awarding Wife $10,000 in attorney's fees because she failed to meet her burden of proving her income and financial resources as of the date of the Judgment of Dissolution and Husband was prevented from showing his lack of financial resources from the Judgment of Dissolution, as required by Section 452.355.1. Pursuant to Rule 84.14, we reverse outright and decline to exercise our discretion to remand since the award is not only unsupported by substantial evidence and against the weight of the evidence, but also Wife repeatedly objected to Husband's presenting evidence of his post-dissolution financial condition, which was a prerequisite to the trial court making an award of appellate attorney's fees.

KATHIANNE KNAUP CRANE, Presiding Judge and KENNETH M. ROMINES, Judge, Concur.