Delisa L. COLEMAN, Appellant,

v.

Duane L. COLEMAN,
Respondent/Cross–
Appellant.

No. ED 92564.

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 2010.

Application for Transfer Denied Sept. 21, 2010.

Merle Silverstein, Clayton, MO, Michael Gross, co-counsel, St. Louis, MO, for appellant.

Joanne Descher, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Duane and Delisa Coleman were granted a dissolution of marriage on November 12, 2008. Delisa appeals from the trial court's award of monthly maintenance to her and its method of valuation of Duane's interest in the Lewis Rice & Fingersh, L.C. ("Lewis Rice") law firm. Duane cross appeals from the trial court's award of attorney's fees to Delisa and from the trial court's division of marital property. We find no error and affirm.

### Factual and Procedural Background

The Colemans married in 1991. At the time of their marriage, Duane was working as an associate attorney at Lewis Rice and Delisa was working full-time as a registered surgical nurse. The Colemans' only child was born November 15, 1998.

On September 24, 2005, Duane purchased an upgraded diamond engagement ring and gave it to Delisa as a reconciliation gift after she dismissed a previous petition for dissolution of marriage.

On July 13, 2007, Delisa filed the current petition for dissolution of the marriage. Duane timely answered her petition and filed a counter petition for dissolution of the marriage. Delisa stopped working full time to care for their daughter. She was working part-time when the marriage was dissolved and Duane was an equity partner at Lewis Rice.

The trial court's judgment of dissolution awarded Delisa maintenance of $1,500 a month to begin December 1, 2008, and ordered Duane to pay Delisa's attorney $50,000 for attorney's fees. It noted that in making the maintenance award, it considered the factors of her employability, her reasonable needs, the income produced by the property awarded her and her previous standard of living. The trial court also considered her marital misconduct in engaging in an extramarital affair that contributed to the breakdown of the marriage.

On November 19, 2008, Delisa filed a motion for maintenance and support pending post trial motions and appeal. In her motion, she stated her intention to file a motion to amend the judgment and possibly an appeal. Delisa argued that she currently had only part-time employment and no liquid assets and sought the court's order granting her maintenance and child support and past amount of support from the Pendente Lite order ("PDL") without jeopardizing her right to appeal.

On December 1, 2008, the trial court ordered that the maintenance and child support pending appeal "shall be the same as ordered in the judgment herein" except that maintenance was to increase by $500 per month until Delisa received or was rendered liquid marital assets that had been awarded to her, and these awards would not jeopardize her appeal. On December 5, 2008, Delisa filed a motion to amend the judgment or in the alternative for a new trial. On December 12, 2008, Duane filed a motion to amend the judgment. On January 26, 2009, the trial court amended the judgment of dissolution to allow Duane access to all family photographs in Delisa's possession, but in all other respects, the trial court denied the motions.

On April 8, 2009, Delisa filed a motion asking the trial court to order Duane to pay the $50,000 for attorney's fees awarded in the November 12, 2008 decree of dissolution and $10,000 for appellate attorney's fees. Duane filed a motion to dismiss Delisa's motion for any additional attorney's fees. On April 27, 2009, the trial court sustained Delisa's motion and awarded her $10,000 for attorney's fees and costs pending appeal.

This appeal and cross appeal followed.

### Standard of Review

■■■ The standard of review on appeal from a decree of dissolution of marriage is guided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Fisk v. Fisk*, 81 S.W.3d 1, 1 (Mo.App. E.D.2001). Accordingly, this court will affirm the judgment of the trial court if it is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. *Id.* Moreover, all evidence and permissible inferences therefrom are considered in the light most favorable to the trial court's decision, and all contrary evidence and inferences are disregarded. *Id.* (internal citations omitted).

■■■ The trial court has broad discretion in dividing marital property and awarding child support, maintenance, and attorney's fees. *Hatchette v. Hatchette*, 57 S.W.3d 884, 888, 890–91, 893 (Mo.App. W.D.2001). Likewise, the trial court has broad discretion in identifying property as

marital or separate. *In re Marriage of Looney*, 286 S.W.3d 832, 837 (Mo.App. S.D.2009). "The trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Manning v. Manning*, 292 S.W.3d 459, 462 (Mo.App. E.D.2009) (quotation omitted).

### Maintenance

We will discuss the points grouped together by topic and not necessarily in the order raised by each of the parties. In her first point relied on, Delisa claims that the trial court erred and abused its discretion in limiting her maintenance award to $1,500 per month because the award reflects a misapplication of Section 452.335.[1] She further argues that the findings upon which the trial court based the limited award are not supported by substantial evidence and are against the weight of the evidence. Specifically, Delisa argues four points: 1) that the marriage was one of long duration; 2) that she would be unable to maintain a standard of living near her previous one; 3) that the trial court's imputation of income to her was contrary to the parties' wishes that she curtail her career to raise their child and that the imputation of income was not supported by and was against the weight of the evidence regarding employment available to her; and 4) that Duane's income was sufficient to support a maintenance award that would have enabled her to meet her reasonable needs.

In her second point relied on, Delisa claims that the trial court erred to the extent that it limited maintenance to $1,500 per month due to her supposed marital misconduct because the court's finding that the conduct contributed to the

breakdown of the marriage was not supported by substantial evidence since Duane did not suspect that Delisa was cheating on him before July 2006, and he did not testify that her alleged extramarital affair was the cause of the marriage's breakdown. Thus, she argues that the trial court's limitation was punitive rather than remedial.

In his response to Delisa's first point, Duane raises two new points that would more properly belong in his cross appeal, however, since they involve maintenance issues, we will address them here. First, he claims that the trial court erred in awarding any maintenance to Delisa because she has income available to her from employment and marital property awarded that is sufficient to meet her reasonable needs. Second, Duane claims that the trial court's award of $500 per month post judgment maintenance should be reversed because uncontroverted evidence established that Delisa had immediate access to income producing marital property upon entry of the judgment as contemplated by the trial court.

### Maintenance award of $1,500 per month

We begin by considering Delisa's first point that the trial court abused its discretion by limiting her monthly maintenance award to $1,500. Section 452.335 provides that in order to award maintenance to a spouse, the trial court must find that the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to h[er], to provide for h[er] reasonable needs; and

(2) Is unable to support h[er]self through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

that the custodian not be required to seek employment outside the home.

Delisa argues that the court misapplied the statute when it failed to consider the relevant factors of the Colemans' marriage. In particular, she contends that the trial court failed to recognize the long duration of the marriage and her standard of living during the marriage, and the opportunity Duane had to advance his career while she curtailed hers to be a "child-rearing and home-making spouse."

Delisa contends that her monthly needs exceed her monthly income after the maintenance award and that she is unable to maintain a standard of living close to that which she enjoyed during the marriage. She alleges that the award does not reflect a balance of her reasonable monthly needs with Duane's ability to provide support. She claims, therefore, that the award is arbitrary and unreasonable.

■ Even if the trial court accepted Delisa's estimated expenses and found that the amount was reasonable, the court is not required to award maintenance to cover all of her needs even if her husband has the resources to provide the additional support. *Llana v. Llana*, 121 S.W.3d 286, 291 (Mo.App. W.D.2003). It is not necessarily an abuse of discretion for the trial court to award maintenance insufficient to cover all of the needs of the spouse seeking support. *Id.*

In its findings concerning Delisa's maintenance award, the trial court made the following factual findings: that Delisa was capable of working full time; that the parties stipulated to the expert report of Timothy Kaver regarding Delisa's employability and probable annual income of $59,000; that Delisa could obtain additional income from some of the marital property awarded to her; and that Delisa was in need of maintenance to meet her reasonable needs and maintain her previous standard of living. The trial court also considered Delisa's conduct during the marriage, finding that she was "involved in a long-standing, extensive and highly inappropriate relationship with another man." Furthermore, the trial court found that this secret relationship constituted marital misconduct and contributed to the breakdown of the marriage.

Delisa argues that her actions, even if they could be considered misconduct, should not be considered, because there is no indication that her actions cost Duane additional money or interfered with his work. This argument fails to recognize that when a spouse engages in conduct that burdens the marital relationship, it is more significant than a matter of economics. *McIntosh v. McIntosh*, 41 S.W.3d 60, 68, (Mo.App. W.D.2001). Burdens on the relationship cause considerable stress and disappointment to the other party, not to mention the stress and insecurity often caused any children of the marriage, which in turn causes additional stress on the marriage partners. *Id.* at 68–9.

Because the trial court properly considered the factors under Section 452.335 and the evidence before it, along with the credibility of the witnesses, we find no abuse of discretion in its award of $1,500 monthly maintenance to Delisa. This point is denied.

We now consider Duane's contention on cross appeal that the trial court abused its discretion in awarding any maintenance to Delisa. As we addressed above, the trial court found that with income from a full-time job imputed to Delisa, child support and the income generated by the marital property she was awarded in the dissolution, her reasonable monthly needs exceeded her income. Thus, it was not an abuse of discretion for the trial court to award

$1,500 maintenance per month to Delisa. Point denied.

### Post Judgment PDL Maintenance Award

■ Next, Duane claims that the trial court's award of $500 per month post-judgment PDL maintenance should be reversed. He contends that "uncontroverted evidence" established that Delisa had immediate access to income-producing marital property as soon as the judgment of dissolution was entered and therefore, had no need for temporary maintenance.

■ Under Section 452.315, a temporary maintenance award is made in conformity with Section 452.335. *Colquitt v. Muhammad*, 86 S.W.3d 144, 150 (Mo.App. E.D.2002). Therefore, the factors to be considered in awarding maintenance under Section 452.315 are the same as those set out in Section 452.335. *Id.*

In the trial court's order awarding Delisa temporary maintenance, it ordered her regular maintenance increased by $500 per month until she received or was tendered liquid marital assets. Despite Duane's contention that Delisa had immediate access to income-producing marital property as soon as the judgment of dissolution was entered, there was no evidence before the trial court that this allegation was true. Because the trial court took into account the monthly income from the marital assets it awarded to Delisa in its maintenance award of $1,500 per month, it was not an abuse of discretion to award temporary maintenance until that income from investments was available to her. This point is denied.

### *Partner Interest Valuation*

■ In her third point relied on, Delisa claims that the trial court erred in concluding that it was required to find the value of Duane's interest in Lewis Rice in accor-dance with the firm's operating agreement because that conclusion precluded the court from considering evidence relevant to the true value of the asset. She contends that the trial court's valuation was a violation of Section 452.330 since the undervaluation skewed the division of marital property and rendered the decree inequitable.

■ Duane argues that the trial court considered the testimony of his expert and of Delisa's expert before making its determination of the value of the Lewis Rice ownership. "In a dissolution proceeding, the object of any valuation of a business is, of course, to determine its fair market value for purpose of application of the equitable distribution rules to arrive at a fair property division." *Tarneja v. Tarneja*, 164 S.W.3d 555, 559 (Mo.App. S.D. 2005). The judicial determination of value must be an informed judgment, but fair value is not susceptible of determination by any precise mathematical computation. *Id.* Generally, the trial court can accept the opinion of one expert as to value over another and can prefer one method of valuation over competing methods based on the particular facts of the case and the circumstances of the entity involved. *Id.* (internal quotations and citations omitted).

In this case, the trial court heard testimony from each party's valuation expert. The trial court was free to weigh credibility of the testimony of both experts and adopt the expert's method and conclusion it found most credible. The trial court's decision was supported by substantial evidence. Thus, under *Murphy v. Carron,* we cannot say it was error for the trial court to accept Duane's expert's valuation over that of Delisa's expert. 536 S.W.2d at 32. Point denied.

### *Attorney's Fees*

■ In his first point on cross appeal, Duane alleges that the trial court erred in

awarding Delisa $50,000 in attorney's fees in light of the overwhelming evidence of her marital misconduct. Duane argues that since the trial court found and considered the marital misconduct in its award of maintenance and division of property, it should have also considered it in the award for attorney's fees. Similarly, he contends that the award of $10,000 for attorney's fees for her appeal should be reversed.

 Marital misconduct does not alone establish the trial court abused its discretion in awarding attorney's fees. *Tomasovic v. Tomasovic,* 845 S.W.2d 661, 665 (Mo.App. E.D.1992). While this may be a factor for the court to consider, the trial court also considers all relevant factors under Section 452.355(1). *Id.* at 664. "All relevant factors" includes the financial resources of both parties. *Bakula v. Bakula,* 926 S.W.2d 65, 67 (Mo.App. E.D. 1996). One spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse. *Id.*

In the case before us, the trial court had overwhelming evidence of Duane's substantially higher income and thus, his greater ability to pay attorney's fees. Therefore, we cannot say the trial court's order for Duane to pay $50,000 to Delisa's attorney was an abuse of discretion.

 Duane also contends that the trial court erred in awarding Delisa $10,000 for her attorney's fees on appeal. Specifically, he argues that the trial court did not make the required finding of need for Delisa as she failed to present any evidence of her post dissolution financial status to the court. He argues that under *Andrews v. Andrews,* Delisa needed to show evidence of her financial condition at the time of the appeal. 290 S.W.3d 783, 787 (Mo.App. E.D.2009). In *Andrews,* the trial court awarded the wife $10,000 in appellate attorney's fees approximately a year after the dissolution hearing with no updated financial information from the wife and without allowing the husband to present testimony and evidence of his subsequent bankruptcy since the dissolution. *Id.* at 785. On appeal, the husband claimed that the wife failed to present evidence of her own income and financial history since the judgment of dissolution, as required by Section 452.355.1, and that the trial court disallowed testimonial evidence of his lack of financial resources since the judgment of dissolution. *Id.* This court found that the trial court abused its discretion in ordering the husband to pay the wife's appellate attorney fees because it was against the weight of the evidence. *Id.* at 787–88.

In the case at bar, Duane filed exhibits with the trial court, including a month old statement of property of Delisa's. On April 27, 2009, the trial court called and heard arguments on Delisa's petition for attorney's fees. The trial court granted her motion and awarded her $10,000 for attorney's fees and costs pending appeal. In its order and judgment, the trial court said it considered all the relevant factors under Section 452.355, including the greater ability of the Respondent to pay attorney's fees. Unlike in *Andrews,* the trial court had before it both parties' recent financial information. It heard arguments from both sides and made its determination based on relevant factors, including the financial resources of both parties. Thus, the trial court's award to Delisa of $10,000 of attorney's fees and costs for her pending appeal was not an abuse of discretion nor was it against the weight of the evidence. Point denied.

### *Property Division*

In his second point on cross appeal, Duane combines three claimed errors. First, he claims that the trial court erred in its division of marital property and debt because the National City money market

account awarded to him placed a significant marital tax burden on him that the trial court did not consider or allocate. Therefore, he argues that the division of property does not comply with Section 452.330.1, and the judgment is not final or appealable.

Second, Duane argues that the additional household goods that the trial court awarded to Delisa were not valued as they are required to be under Section 452.330.1. Duane also argues that it was fundamentally unfair to award Delisa additional personal property after she had selected what she wanted when she moved out of the marital home without his knowledge or consent.

Third, Duane contends that the trial court erred in awarding Delisa the upgraded diamond ring that he purchased and gave to her as a gift in 2005 because she testified in her deposition that she told him that he could keep the ring.[2]

Since all of these claims involve the same legal proposition, we examine them together. Section 452.330, Disposition of property, lists the following factors to be considered:

1. In a proceeding for dissolution of the marriage or legal separation, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

Duane relies on a case from the Western District, *Rogers v. Rogers*, for the proposition that because the trial court failed to take into account the taxes due to Duane on the National City account, the judgment is not final and therefore, not appealable. 253 S.W.3d 134, 138 (Mo.App. W.D.2008). But in *Rogers*, the trial court failed to mention or account for an American Express credit card debt in the dissolution decree. *Id.* at 138. Despite evidence that the debt was the separate property of one party, because the trial court failed to address the item, the Western District held that the Judgment Entry was not final or appealable, and dismissed the appeal. *Id.*

Unlike in *Rogers*, the trial court here did not omit a debt. Duane contends that the trial court ignored the fact that the National City account was earmarked for the previous year's taxes due on his partner draw from Lewis Rice. Andrew Rothschild, head of the litigation department at Lewis Rice, testified that the income draws from Lewis Rice had no tax withheld and the taxes were to be paid quarterly by each member the following year. Duane testified that the National City account was set

---

2. That deposition was filed in an exhibit before this court.

aside to pay the taxes due from those draws the following calendar year. The trial court weighed the credibility of the testimony with the evidence before it when it awarded the National City account to Duane. Duane presented no evidence that the trial court failed to account for any tax burden due from the National City account or from the previous year's income draws. Thus we cannot determine that the trial court abused its discretion when making the award.

Similarly, Duane claims that the trial court erred in not assigning value to the household items it awarded to Delisa. When examining the trial court's division of personal property to the parties, appellate review presumes that the trial court's property division is correct, and the party challenging the division bears the burden of overcoming the presumption. *Travis v. Travis*, 163 S.W.3d 43, 47 (Mo. App. W.D.2005). Although a court is ordinarily not required to assign property values, meaningful review of the division of marital property requires evidence from which a fair and accurate valuation can be made. *Id.*

In the present case, both Duane and Delisa testified about the various items of personal property that they possessed. Delisa also requested a few additional items that were still in the marital house in which Duane lived. The trial court awarded both parties the items in their possession and awarded Delisa some of the additional items she requested.[3] While there was no specific value assigned to those items, a review of the record reveals abundant testimony about the items and their provenance. Also, despite Duane's allegations that the lack of assigned values and additional personal property awarded to Delisa skewed the property division, he presents no evidence of the value of the items in contention. *Wright v. Wright*, 1 S.W.3d 52, 57 (Mo.App. W.D.1999) ("With respect to the valuing of marital property, both parties in the dissolution proceeding bear an equal burden to present evidence"). Therefore, "absent a clear showing of abuse of discretion," the trial court's division of marital property will not be disturbed. *Travis*, 163 S.W.3d at 48–49.

Finally, Duane's claim that the trial court erred in awarding Delisa the upgraded diamond ring is without merit. The evidence before the trial court was that Duane purchased the ring in September 2005 as a gift for Delisa when she withdrew her first petition for dissolution. "The identification of property as marital or separate is in the broad discretion of the trial court." *Looney*, 286 S.W.3d at 837. Section 452.330.3 creates a presumption that all property acquired by either spouse after the marriage and before a decree of legal separation or dissolution is marital, regardless of whether title is held individually or jointly. Section 452.330.3. This presumption can be overcome, however, by showing that the property was acquired by one of the exceptions listed in Section 452.330.2. *Looney*, 286 S.W.3d at 837. The applicable exception in this case is "[p]roperty acquired by gift, bequest, devise, or descent[.]" Section 452.330.2(1). This exception must be proven by clear and convincing evidence, meaning "evidence which instantly tilts the scales in the affirmative when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the evidence is true." *Looney*, 286 S.W.3d

---

3. These items were denoted on a separate exhibit and included a family bedroom set and various smaller items such as books, a wine rack, a vase, china and crystal stemware, the elliptical machine, and other small décor pieces.

at 837. (internal citations and quotations omitted).

Here, Delisa testified that Duane gave her the upgraded diamond ring after she dismissed her first petition for dissolution of marriage and the couple attempted to reconcile. Duane does not dispute that the ring was a gift to Delisa; he argues that because of her marital misconduct and "the part the ring played in it," the trial court should not have awarded the ring to her.[4] However, under Section 452.330.2, the ring was a gift to Delisa, making it separate property under the gift exception. The trial court did not err in awarding the ring to her as separate property.

Accordingly, we deny this entire point.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.

---

4. Duane relies on portions of Delisa's testimony from an earlier deposition that was filed as an exhibit before us. He alleges that in the deposition, she offered to give the ring back, and the trial court should have been bound by that.