Rebecca D. **KOGER**, Respondent,

v.

Darren S. **KOGER**, Appellant.

No. SD 31100.

Missouri Court of Appeals, Southern District, Division Two.

July 14, 2011.

James R. Sharp, Springfield, MO, for Appellant.

No appearance for Respondent.

DANIEL E. SCOTT, Judge.

Appellant (Husband) challenges the marriage dissolution award of a $55,000 ring to Respondent (Wife) as nonmarital property. We reverse in part and remand because the record does not support the ring's classification as nonmarital property.

## Background

Some months after Husband went to prison, Wife petitioned to dissolve their three-year marriage. Husband did not testify at the trial,[1] where only property issues were contested. Wife testified that the subject ring was her wedding ring and was purchased after the parties were married. She described the ring as marital property, but denied that she had it, alleging that Husband sent it to Phoenix shortly before he reported to prison. Wife requested the court to award the ring to Husband as marital property.

In its decree, the court found that the couple had debts of $4,000 and marital property worth $176,921. Husband's nonmarital property was valued at $3,000.

Wife's nonmarital property award included the ring, valued at $55,000, and other assets worth $3,010. Neither the decree nor the record on appeal indicates why the ring is classified as nonmarital property.[2]

## Legal Principles

██ Review of this court-tried case is governed by Rule 84.13(d).[3] We will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Looney*, 286 S.W.3d 832, 834 (Mo.App.2009).

██ The ring is statutorily presumed to be marital property because it was acquired during the marriage. *See* § 452.330.2 & .3; *Coleman v. Coleman*, 318 S.W.3d 715, 725 (Mo.App.2010)(citing *Looney*, 286 S.W.3d at 837). This presumption can be overcome by showing that the ring fell within a § 452.330.2 exception. *Coleman*, 318 S.W.3d at 725. The potential exception here is for property acquired by gift (§ 452.330.2(1)), which must be proven by clear and convincing evidence "which instantly tilts the scales in the affirmative when weighed against the evidence in opposition." *Id.*[4]

## Analysis

The necessity for reversal is illustrated by contrasting this case with *Coleman*,

---

1. Husband was still in prison and the court denied his request to be present at trial.

2. Neither party requested specific findings of fact or conclusions of law.

3. Rule references are to Missouri Court Rules (2010). Statutory citations are to RSMo 2000.

4. The essential elements of a gift are the donor's present donative intent, delivery, and acceptance by the donee whose ownership takes effect immediately and absolutely. *Clippard v. Pfefferkorn*, 168 S.W.3d 616, 618 (Mo.

App.2005). Wedding rings may often be characterized as nonmarital gifts (*see* 21 Mo. Prac, Family Law § 7:4 (3d ed.2008)), but not always. *See Selter v. Selter*, 982 S.W.2d 764, 766 (Mo.App.1998)(affirming award of wife's wedding rings as marital property); *Carter v. Carter*, 901 S.W.2d 906, 911 (Mo.App.1995)(deferring to trial court finding that wife's testimony was insufficient to overcome marital property presumption); *Woods v. Woods*, 713 S.W.2d 292, 294 (Mo.App.1986)(affirming division of marital property which included Husband's wedding ring); *C.M.D. v. J.R.D.*, 710 S.W.2d 474, 477

which involved a wife's "upgraded" diamond engagement ring acquired during the marriage. 318 S.W.3d at 718. Mr. Coleman did not dispute that the ring was a gift, "making it separate property under the gift exception" and thus properly awarded to the wife as nonmarital property. *Id.* at 726.

This ring, as in *Coleman,* is presumed to be marital property. But unlike *Coleman,* nothing in our record on appeal overcomes that presumption. For that matter, no one here argues that the ring is nonmarital;[5] nor do we find such a claim made below; and the trial court, as previously noted, did not explain its reasoning. We are compelled to grant Husband's point.

■ An erroneous characterization of property "requires reversal of the order dividing marital property if the error materially impacts the overall distribution of the marital property." *Halupa v. Halupa,* 943 S.W.2d 272, 278 (Mo.App.1997), *quoted in Looney,* 286 S.W.3d at 840. This $55,000 error is substantial and materially impacts the overall distribution of the marital property.

### Conclusion

The classification of the subject ring as nonmarital property and those portions of the judgment dividing the parties' property are reversed; in all other respects, the judgment is affirmed. The case is remanded for further proceedings consistent with this opinion.

FRANCIS, P.J., and BARNEY, J., concur.

(Mo.App.1986)(harmless error to not classify wedding ring as marital property).

5. Wife elected not to file any brief in this appeal.