ROBERT M. CLAYTON III, Judge
David Sulkin ("Husband") appeals from the trial court's judgment ordering him to pay Laura Sulkin ("Wife") $5,000 per month in maintenance. We reverse and remand.[1]
*795 I. BACKGROUND
Husband and Wife were married on June 22, 1994. Two children were born of the marriage and remained unemancipated at the time of trial.[2] Wife filed her petition for dissolution of marriage on April 23, 2015; Husband answered and filed a cross-petition for dissolution on June 8, 2015. Wife then filed her amended petition for dissolution of marriage on August 5, 2016. On November 2, 2016, following a three-day bench trial, the trial court issued a judgment of dissolution of marriage.
Husband filed a post-trial motion to set aside, amend, or clarify the judgment, or alternatively, a motion for new trial asserting, inter alia , the trial court erred in ordering him to pay Wife $5,000 per month in maintenance. The trial court heard arguments related to Husband's post-trial motion and took the matter under submission on January 9, 2017. On January 23, 2017, the trial court entered its Amended Judgment of Dissolution of Marriage ("Judgment"). In relevant part, the Judgment found Wife's reasonable expenses to be $5,000 per month, imputed potential employment income to Wife in the amount of $2,667 per month, and ordered Husband to pay Wife $5,000 per month in maintenance. Husband appeals.[3]
II. DISCUSSION
In Husband's sole point on appeal, he argues the trial court erred in ordering him to pay Wife $5,000 per month in maintenance. We agree.
A. Standard of Review and General Law Related to Maintenance
As with any court-tried case, our review of a dissolution of marriage action is guided by the standards set forth in Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). Alabach v. Alabach , 478 S.W.3d 511, 513 (Mo. App. E.D. 2015). Accordingly, a dissolution judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. Id. The trial court resolves matters such as the weight of evidence, the resolution of conflicting evidence, and witness credibility, and its rulings on these issues will not be reviewed by this Court. L.R.S. v. C.A.S. , 525 S.W.3d 172, 183 (Mo. App. E.D. 2017). Additionally, when the trial court has made no specific findings on a factual issue, such findings are interpreted as having been found in accordance with the trial court's judgment. Ivie v. Smith , 439 S.W.3d 189, 200 (Mo. banc 2014) ; Missouri Supreme Court Rule 73.01(c) (2016).[4]
The trial court is vested with broad discretion in awarding maintenance. Coleman v. Coleman , 318 S.W.3d 715, 719 (Mo. App. E.D. 2010) ; Woodard v. Woodard , 201 S.W.3d 557, 561 (Mo. App. E.D. 2006). Thus, our Court will not reverse the court's decision absent an abuse of discretion, and we defer to the trial court even where the evidence could have supported a different conclusion.
*796 Woodard , 201 S.W.3d at 561. "The trial court abuses its discretion only when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." Coleman , 318 S.W.3d at 720 (quotations omitted).
The trial court may award maintenance only upon finding the spouse seeking maintenance, (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs; and (2) is unable to support herself through appropriate employment. Section 452.335.1 RSMo 2000;[5] Valentine v. Valentine , 400 S.W.3d 14, 20-21 (Mo. App. E.D. 2013). In applying this two-part standard, the trial court is first required to determine the reasonable needs of the spouse seeking maintenance. Schubert v. Schubert , 366 S.W.3d 55, 63 (Mo. App. E.D. 2012). Then, the court must consider whether the party "lacks sufficient property, including marital property apportioned to her, to provide for these reasonable needs, or is unable to support herself through appropriate employment." Valentine , 400 S.W.3d at 21.
Once a spouse has established the threshold requirements for maintenance, the trial court shall award maintenance in an amount it deems appropriate based on all relevant factors. L.R.S. , 525 S.W.3d at 188 ; section 452.335.2. As an underlying principle, an award of maintenance is "aimed at closing the gap between the income of the spouse who seeks maintenance and that spouse's monthly expenses." Stirewalt v. Stirewalt , 307 S.W.3d 701, 707 (Mo. App. S.D. 2010) (quotations omitted); see In re Marriage of Neu , 167 S.W.3d 791, 795 (Mo. App. E.D. 2005).
In determining the amount of maintenance, the trial court is not required to perform an exact mathematical calculation and may award a reasonable amount above the itemized expenses of the party seeking maintenance. Bryant v. Bryant , 351 S.W.3d 681, 690 (Mo. App. E.D. 2011). However, the court does not have unfettered discretion to award any amount of maintenance because maintenance awards must be "limited to the demonstrable needs of the party receiving [maintenance] and not to provide an accumulation of capital." Id. (quotations omitted). Accordingly, a maintenance award substantially exceeding the reasonable needs of the spouse seeking maintenance is not supported by substantial evidence and constitutes an abuse of the trial court's discretion. Herschend v. Herschend , 486 S.W.3d 346, 352 (Mo. App. S.D. 2015) ; Bryant , 351 S.W.3d at 690.
B. Relevant Facts and Analysis of Husband's Point on Appeal
During the dissolution proceedings, Wife requested the court to award her $7,500 per month in maintenance. Wife submitted to the trial court statements of her income and expenses, with the most recent statement including monthly expenses totaling $9,262. Additionally, the court heard testimony regarding Wife's claimed expenses. During such testimony, Wife acknowledged the court could properly find the amount of Wife's reasonable needs was lower than her stated expenses if it decided to subtract amounts claimed for vacations and the children's expenses.
Although Wife had earned a master's and a bachelor's degree, she had not worked outside the marital residence since 1996. Wife received income from one of the *797 two businesses Husband owned during the marriage, but the trial court found Wife provided no services for the business. During his testimony, Husband's vocational expert opined, based on Wife's background including her lack of experience in the field in which she received her degrees, that Wife could earn between $28,000 and $36,000 per year working in "a non-degreed position."
Based on the foregoing, the trial court included the following relevant findings of fact and conclusions of law in its Judgment. The court decided the appropriate amount for Wife's reasonable monthly expenses was $5,000. In accordance with the testimony of Husband's vocational expert, the court imputed income to Wife in the amount of $32,000 per year, or $2,667 per month, as her potential employment income. The trial court then declared, "Having previously found Wife's reasonable expenses to be approximately $5,000[,] she is in need of maintenance to meet these expenses. After considering the imputed salary, [t]he [c]ourt awards Wife $5,000 per month in maintenance."
Herein lies the dispute giving rise to this appeal. Under the preceding declarations, Wife's monthly income is $2,667 from potential employment and $5,000 from maintenance, for a total of $7,667. This figure exceeds Wife's reasonable needs of $5,000 by $2,667. As such, Husband contends the trial court erred in awarding Wife an amount of maintenance that substantially exceeds her reasonable needs. In contrast, Wife maintains that based on the statement, "After considering the imputed salary , [t]he [c]ourt awards Wife $5,000 per month in maintenance[,]" the court found her reasonable needs to be $7,667, or $5,000 over and above the imputed salary. (emphasis added).
Our review of the Judgment leads us to conclude the court's findings setting out how it determined the amount of Wife's maintenance award are inconsistent or conflicting. On the one hand, the trial court could have properly found from the evidence that Wife's reasonable expenses were $5,000 per month. This is supported by Wife's statement of income and expenses as well as her testimony as to her reasonable needs. However, such a result renders Wife's maintenance award of $5,000 improper because, (1) it does not account for the potential employment income the trial court imputed to Wife; or (2) it exceeds Wife's reasonable monthly expenses by $2,667, i.e., fifty-three percent. See id. (a maintenance award substantially exceeding the reasonable needs of the spouse seeking maintenance is not supported by substantial evidence and constitutes an abuse of the court's discretion).[6] On the other hand, the court could have concluded Wife's reasonable expenses totaled $7,667 per month, which also may have been fairly contemplated under the *798 evidence and would have supported the maintenance awarded. Nevertheless, this amount is clearly inconsistent with express language included twice in the Judgment that the court found Wife's reasonable expenses to be $5,000 per month.
Because the Judgment is based on inconsistent and ambiguous findings, we find it necessary to reverse and remand the maintenance award. See McGahan v. McGahan , 237 S.W.3d 265, 272 (Mo. App. E.D. 2007) ("[a] judgment based on inconsistent and ambiguous findings does not allow for adequate appellate review and must be reversed and remanded"); In re Marriage of Maninger , 106 S.W.3d 4, 12 (Mo. App. E.D. 2003) (this Court may not speculate on what grounds the trial court ruled by sifting through inconsistent and ambiguous findings); Baldwin v. Baldwin , 109 S.W.3d 247, 249 (Mo. App. S.D. 2003) (an appellate court is unable to definitively rule on issues that are subject to inconsistencies and ambiguities in a trial court's judgment). On remand, the trial court shall clarify its actual findings and conclusions as to Wife's reasonable monthly expenses in a manner consistent with this opinion. Thereafter, the court may recalculate the maintenance award as necessary to close the gap between Wife's income and her monthly expenses. See Stirewalt , 307 S.W.3d at 707 ; Neu , 167 S.W.3d at 795. Upon remand to the trial court and in light of the court's distribution of marital property, which was not appealed, the parties may argue as to the impact of the property distribution on any award of maintenance with respect to both Wife's ability to meet her reasonable needs as well as Husband's ability to pay maintenance. See L.R.S. , 525 S.W.3d at 188 (in determining the amount of the maintenance award, the court should balance the reasonable needs of the spouse seeking maintenance with the paying spouse's ability to pay); Valentine , 400 S.W.3d at 20-21 (the trial court shall consider whether the spouse seeking maintenance lacks sufficient resources, including marital property awarded to her as well as income earned through appropriate employment, to meet her reasonable needs).[7] Point granted.
III. CONCLUSION
For the foregoing reasons, the trial court's Judgment is reversed and remanded with instructions to reevaluate the maintenance award in a manner consistent with this opinion.
Gary M. Gaertner, Jr., P.J., and Angela T. Quigless, J., concur.

Wife also filed a notice of appeal, but Wife's brief solely responds to Husband's brief and does not assert any points of error. Accordingly, Wife's cross-appeal is deemed abandoned and is hereby dismissed. Gross v. Helm , 98 S.W.3d 85, 86 n.1 (Mo. App. E.D. 2003) ; see Missouri Supreme Court Rule 84.04(i) (2016).

Because neither party has appealed issues relating to child custody or child support, all references to the children are only to provide context for the present appeal.

To avoid unnecessary repetition, the relevant evidence adduced at trial will be set out as part of our discussion of Husband's point on appeal in Section II.B. of this opinion.

All further references to Rule 73.01(c) are to Missouri Supreme Court Rules (2016), which was the version of the Rule in effect at the time the Judgment was entered.

All further statutory references to section 452.335 are to RSMo 2000, which is the latest version of the statute.

Our review of relevant precedent demonstrates the maintenance award, which represents $2,667 (fifty-three percent) more than Wife's reasonable monthly expenses, substantially exceeds her reasonable needs. See In re Marriage of Ross , 231 S.W.3d 877, 886-87 (Mo. App. S.D. 2007) (reversing maintenance award of $1,200 per month because it substantially exceeded wife's reasonable needs by $845 per month); In re Marriage of Buchholz , 139 S.W.3d 607, 608-09 (Mo. App. E.D. 2004) (reversing maintenance award, which when combined with wife's income, exceeded her reasonable needs by $866.59 per month); Heins v. Heins , 783 S.W.2d 481, 483 (Mo. App. W.D. 1990) (reversing combined maintenance and child support award of approximately $1,000 per month because it exceeded wife's reasonable needs of $503 per month by approximately fifty percent); cf. Herschend , 486 S.W.3d at 353-54 (affirming maintenance award that exceeded wife's reasonable needs by fourteen percent); Bryant , 351 S.W.3d at 689-90 (affirming maintenance award that exceeded wife's reasonable needs of $325 or twenty-six percent per month).

Although Wife is not required to deplete her distribution of the marital property before being entitled to maintenance, the trial court must consider potential income Wife could earn if she were to invest the marital property awarded to her in interest-bearing accounts because maintenance shall not be awarded for the purposes of building an estate or an accumulation of capital. See generally, e.g., Lee v. Lee , 117 S.W.3d 693, 696-97 (Mo. App. E.D. 2003) ; Breihan v. Breihan , 73 S.W.3d 771, 777-78 (Mo. App. E.D. 2002).