In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

LAURA SULKIN, ) No. ED107931
 )
 Respondent, ) Appeal from the Circuit Court
 ) of St. Louis County
v. )
 )
DAVID SULKIN, ) Honorable Mary B. Schroeder
 )
 Appellant. ) Filed: March 9, 2021

 Introduction

 David Sulkin (Husband) appeals from the trial court’s judgment finding the reasonable

monthly expenses of Laura Sulkin (Wife) to be $7,500 and ordering him to pay $5,000 per

month in maintenance. Husband also appeals the trial court’s judgment ordering him to pay Wife

$390 per month for child support. The judgment of the trial court is affirmed, as modified.

 Factual and Procedural Background

 This case has previously been brought before this Court. Sulkin v. Sulkin, 552 S.W.3d

793 (Mo. App. E.D. 2018) (Sulkin I). Viewed in the light most favorable to the judgment, the

evidence at trial showed the following:

 Husband and Wife were married in 1994 and had two children during their marriage. On

April 23, 2015, Wife filed her Petition for Dissolution of Marriage. Following a full evidentiary

hearing, the trial court issued its Judgment of Dissolution of Marriage on November 6, 2016.

Subsequently, following several post-trial motions, the trial court issued an Amended Judgment

 1
of Dissolution of Marriage (First Amended Judgment) on January 23, 2017. The First Amended

Judgment found Wife’s reasonable expenses to be $7,500 per month and imputed potential

employment income to be $2,667 per month. The First Amended Judgment ordered Husband to

pay Wife $5,000 per month in maintenance. See Sulkin I, 552 S.W.3d at 795. The First Amended

Judgment also ordered Husband to pay Wife $229 per month for the support of their two minor

children, and $198 per month when child support became appropriate for only one child.

 Husband appealed the trial court’s First Amended Judgment, arguing the court erred in

ordering him to pay Wife $5,000 per month in maintenance because the figure substantially

exceeded her reasonable expenses.1 Specifically, Husband alleged the First Amended Judgment

found Wife’s reasonable expenses to be $5,000 per month. Therefore, Husband claimed his

maintenance payment to Wife should have been her reasonable monthly expenses ($5,000)

minus her imputed potential employment income of $2,667 per month. In reply, Wife argued the

court found her reasonable monthly expenses to be $5,000 after taking her imputed income into

consideration.

 Analyzing the language of the First Amended Judgment, we found the First Amended

Judgment’s language to be “inconsistent or conflicting.” Id. at 797. Noting the language could

support both parties’ interpretations, we held “the Judgment [was] based on inconsistent and

ambiguous findings” and found it “necessary to reverse and remand the maintenance award.” Id.

at 798. Upon remand, we instructed the trial court to “clarify its actual findings and conclusions

as to Wife’s reasonable monthly expenses.” Id.

 On remand, the trial court heard additional arguments but did not consider any new

evidence. On January 15, 2019, the trial court issued a new Amended Judgment of Dissolution of

1
 Neither Husband nor Wife appealed the First Amended Judgment’s order relating to the monthly child support
payments.

 2
Marriage (Second Amended Judgment). The Second Amended Judgment found Husband’s

annual income to be $150,000 and found Wife’s reasonable monthly expenses to be $7,5002 and

Husband’s reasonable monthly expenses to be $5,000. The Second Amended Judgment included

findings of fact but did not provide specific findings on how it determined each party’s

reasonable monthly expenses. The judgment also stated the court considered the factors set forth

in section 452.335.2 RSMo.

 The Second Amended Judgment also ordered Husband to pay Wife $390 per month in

child support for the support of two minor children and $235 per month for the support of one

minor child.

 This appeal follows.3

 Discussion

 Standard of Review and General Law Related to Maintenance

As we stated in Sulkin I:

 [O]ur review of a dissolution of marriage action is guided by the standards set forth
 in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Alabach v. Alabach,
 478 S.W.3d 511, 513 (Mo. App. E.D. 2015). Accordingly, a dissolution judgment
 will be affirmed unless it is not supported by substantial evidence, it is against the
 weight of the evidence, it erroneously declares the law, or it erroneously applies the
 law. Id. The trial court resolves matters such as the weight of evidence, the
 resolution of conflicting evidence, and witness credibility, and its rulings on these
 issues will not be reviewed by this Court. L.R.S. v. C.A.S., 525 S.W.3d 172, 183
 (Mo. App. E.D. 2017). Additionally, when the trial court has made no specific

2
 Although the Second Amended Judgment states Wife’s reasonable expenses are $7,000 per month at one point,
and $7,500 per month at a later point, this is insignificant. Either way, the trial court’s award to Wife does not
substantially exceed Wife’s reasonable expenses, as the award exceeds such expenses by less than ten percent.
Awards exceeding a spouse’s reasonable expenses by up to twenty-six percent have been determined to be “well
within the range of what was affirmed as within the trial court’s discretion in Childers and Cohen.” Bryant v.
Bryant, 351 S.W.3d 681, 690 (Mo. App. E.D. 2011). For ease of reading, we will refer to Wife’s reasonable
expenses as $7,500 per month.
3
 In her brief, Wife challenged the timeliness of Husband’s appeal. Wife contends the Second Amended Judgment
merely clarifies the amount of maintenance ordered in the First Amended Judgment and is not an amended judgment
affecting the rights of the parties. Wife’s argument is without merit. We remanded this case to the trial court in
Sulkin I to determine Wife’s reasonable monthly expenses between two amounts that could both be supported by the
record. The trial court considered additional factors, heard additional arguments, and made additional judicial
findings.

 3
 findings on a factual issue, such findings are interpreted as having been found in
 accordance with the trial court’s judgment. Ivie v. Smith, 439 S.W.3d 189, 200
 (Mo. banc 2014); Missouri Supreme Court Rule 73.01(c) (2016).

552 S.W.3d at 795.

 The trial court possesses broad discretion in awarding maintenance and child support, and

we will not overturn its decision absent an abuse of discretion. Coleman v. Coleman, 318 S.W.3d

715, 719 (Mo. App. E.D. 2010). Broad discretion is necessary because the trial court has a

superior ability to assess witness credibility and determine the merits of each party’s claimed

expenses. Dubrovenskiy v. Vakula, 574 S.W.3d 287, 291 (Mo. App. E.D. 2019). In determining

whether an abuse of discretion has occurred, we review the evidence in a light favorable to the

judgment, disregard conflicting evidence, and defer to the trial court’s judgment. Hammer v.

Hammer, 139 S.W.3d 239, 240 (Mo. App. W.D. 2004). See also Cureau v. Cureau, 514 S.W.3d

685, 689 (Mo. App. E.D. 2017). “The trial court abuses its discretion only when its ruling is

clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock

one’s sense of justice and indicate a lack of careful consideration. If reasonable minds could

differ about the propriety of the trial court’s decision, there is no abuse of discretion.” Cureau,

514 S.W.3d at 689 (internal quotation marks and citations omitted).

 A trial court may award maintenance “only upon finding the spouse seeking

maintenance, (1) lacks sufficient property, including marital property apportioned to her, to

provide for her reasonable needs; and (2) is unable to support herself through appropriate

employment.” Sulkin I, 552 S.W.3d at 796, citing section 452.335.1 RSMo. When determining

the amount of maintenance to be awarded, the trial court need not perform an exact mathematical

calculation and may award a reasonable amount above the party’s itemized expenses. Id.

However, maintenance awards are not supported by substantial evidence and constitute an abuse

 4
of discretion if they substantially exceed the reasonable expenses of the spouse and provide for

an accumulation of capital. Id. Ultimately, the goal is to achieve a just result in light of all

relevant considerations. Arndt v. Arndt, 519 S.W.3d 890, 900 (Mo. App. E.D. 2017).

 Maintenance

 In his first point relied on, Husband argues the trial court erred in finding Wife’s

reasonable monthly expenses to be $7,500 and her monthly income to be $2,667. As both parties

agree maintenance is appropriate here, the dispute is focused upon what could properly be

considered when calculating Wife’s reasonable income and expenses.

 Husband contends numerous expenses, such as costs to care for their children, vacation

costs, and predicted future mortgage payments, should not have been considered by the trial

court in calculating Wife’s reasonable expenses. Husband further claims the trial court

improperly calculated Wife’s monthly income by failing to consider her investment income.

 Significantly, the trial court was not required to and did not provide an explanation of

how it calculated Wife’s reasonable expenses. “When the trial court has made no specific

findings on a factual issue, such findings are interpreted as having been found in accordance with

the trial court’s judgment.” L.R.S. v. C.A.S., 525 S.W.3d 172, 183 (Mo. App. E.D. 2017). “We,

therefore, review the evidence to determine whether it provides a factual basis for the

maintenance award.” Bolch v. Bolch, 78 S.W.3d 769, 772 (Mo. App. W.D. 2002).

 The trial court found Wife’s reasonable expenses to be $7,500 per month. Ample

evidence such as the testimony of Wife and Husband, bank statements, tax returns, expert

testimony, and credit card statements all provided a factual basis for the finding. Nonetheless,

Husband goes to great lengths to explain why vacation expenses, childcare expenses, and future

mortgage payments could not be considered. However, there is no evidence the trial court

 5
actually included any improper expenses in calculating Wife’s reasonable expenses. In fact, Wife

argued she required over $9,000 in monthly expenses.4 Based on the evidence presented and the

lack of specific findings regarding Wife’s monthly expenses, the trial court did not abuse its

discretion in determining Wife’s monthly expenses to be $7,500.

 Husband also contends the trial court failed to consider Wife’s potential monthly

investment income from her IRAs and proceeds from selling her share of their rental company

when calculating how much maintenance Husband owed. In Hill v. Hill, the Missouri Supreme

Court explained that “when calculating maintenance, a trial court must consider the income from

retirement and IRA accounts to be apportioned as marital property.” 53 S.W.3d 114, 116 (Mo.

banc 2001). However, while the court must consider investment income, the court does not have

to impute that income. See Cohen v. Cohen, 178 S.W.3d 656, 667 (Mo. App. W.D. 2005) (“trial

courts are not required to impute income from retirement and IRA accounts in every case”).

 Here, as required, the trial court did consider Wife’s potential monthly investment

income. In particular, the trial court stated it was required to consider pension and retirement

income in addition to the other factors set out in section 452.335.2, RSMo. The trial court’s

statements in its Second Amended Judgment provide the required “explicit evidence of the trial

court’s consideration of income from retirement and IRA accounts awarded as marital property.”

As explained in Cohen, the trial court’s consideration of Wife’s investment income was

sufficient and the court did not have to impute that income. See Lee v. Lee, 117 S.W.3d 693, 697

4
 Both mortgage expenses and vacation expenses could have been properly considered. Maintenance is designed to
provide spouses with a standard of living comparable to what they had during the marriage. See Dubrovenskiy, 574
S.W.3d at 293. Accordingly, assuming a mortgage similar to what Wife had during the marriage may have been
reasonable in this situation. Moreover, regarding vacations, we note “expense submissions need not be based on
strict necessity. The purpose of maintenance is to achieve a just result in light of all relevant considerations.” Arndt,
519 S.W.3d at 900. Here, evidence was presented establishing the parties took several vacations and discussed
future trips. Were the trial court to have relied on vacation expenses in determining Wife’s reasonable expenses, the
decision could have been supported by the evidence when viewed in the light most favorable.

 6
(Mo. App. E.D. 2003). Accordingly, the trial court did not err in failing to include investment

income in Wife’s monthly income.

 In conclusion, the trial court’s maintenance award was supported by the evidence and the

trial court did properly consider investment income.

 Child Support

 In his second point relied on, Husband argues the trial court erred in ordering him to pay

Wife $390 per month for child support. Specifically, Husband argues the trial court was limited

to the issue of maintenance on remand and therefore had no authority to address or alter child

support. For the following reasons, we agree and modify the Second Amended Judgment

accordingly.

 The parties agree the First Amended Judgment ordered Husband to pay Wife $229 per

month in child support. It is also undisputed that child support was not an issue raised on appeal

in Sulkin I and was not an issue upon remand.

 Under Rule 84.14, we have the authority to give such judgment as the trial court ought to

give. “Rule 84.14 permits us to enter the child support judgment that the trial court should have

entered under the circumstances of a given case if the record and evidence before us permit us to

determine the parties’ child support obligations with confidence in the reasonableness, fairness,

and accuracy of the decision.” Malawey v. Malawey, 137 S.W.3d 518, 529 (Mo. App. E.D.

2004). Here, the record and First Amended Judgment provide ample support for the conclusion

that Husband was to pay Wife $229 per month in child support.

 Consequently, we exercise our discretion under Rule 84.14 to “dispense with the remand

process and modify the award of child support.” Id. Accordingly, the amount of child support

awarded to Wife is modified to $229 per month for the support of two minor children and $198

 7
per month for the support of one child, to properly reflect the trial court’s decision as supported

by the record and evidence.

 Conclusion

 We affirm the judgment of the trial court, as modified.

 SHERRI B. SULLIVAN, J.

 Robin Ransom, P.J., and
 Lisa P. Page, J., concur.

 8